UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 05-10555 |
| | : CHAPTER 13 |
| SUSAN J. PORRECO, DEBTOR | : |
| | : |
| SUSAN J. PORRECO, MOVANT | : DOCUMENT NO. 71 |
| vs. | : OBJECTION TO CLAIM |
| LOUIS J. PORRECO, RESPONDENT | : |

## MEMORANDUM

This 22nd day of September, 2008, the Court has reviewed the Briefs of the parties regarding abstention which address the issue of whether repayment of alimony pendente lite is required. Both parties refer to an Order of the Court of Common Pleas dated June 7, 2000. The Movant states:

> On June 7, 2000, an Order was entered which provided, in part, : "in the event that the appeal of the Plaintiff, Mr. Porreco, is granted, Mr. Porreco would be entitled to a credit of any funds paid by him" **[Paragraph 13 of the Plaintiff's complaint]** It is unclear what that Order means. The entitlement to a "credit" is not the same as an order requiring repayment.

The Respondent states:

> The June 7, 2000 Order is a sufficient basis for Mr. Porreco's bankruptcy claim and is controlling.

> Mr. Porreco's claim should be decided by the Bankruptcy Court. The issue of whether repayment of alimony pendente lite is required is not even a pending issue in the state court proceeding. That issue was resolved by the June 7, 2000 Order. Furthermore, the Bankruptcy Court routinely interprets the plain meaning of state court orders, and is more than capable of interpreting the June 7, 2000 Order in this case.

> There is no legal issue to decide in the Court of Common Pleas regarding the Debtor's obligation to repay the alimony except as is clearly set forth in the June 7, 2000 Court Order. Finally, there is no controversy regarding the

terms and plain meaning of the June 7, 2000 Court Order which provides the basis for Mr. Porreco's claim.

What is clear is that the parties do not agree on the meaning of the language in the June 7, 2000 Order. The Order is not of record in the bankruptcy case.

Debtor cites the case of <u>Stackhouse v. Zaretsky</u>, 900 A.2d 383 (Pa. Supp. 2006), <u>App. Denied</u> 912 A.2d 838 (Pa. 2006) in support of the position that "[n]otwithstanding the prior Order requiring repayment of alimony pendente lite, the enforcement of that Order may be contrary to the subsequent decision of the [Stackhouse case]." The <u>Stackhouse</u> Court found no error in the lower courts' refusal to make retroactive its termination of alimony pendente lite. This conclusion was based on specific facts and does not appear to stand for the broad proposition that APL should never be terminated retroactively.

We think that the Court of Common Pleas is the appropriate court to interpret its own Order and to determine whether state law requires the retroactive termination of APL and to determine the amount, if any, that Susan J. Porreco is obligated to repay to Louis J. Porreco.

An appropriate Order will be entered.

Dated: September 22nd, 2008

Warren W. Bentz
United States Bankruptcy Judge


FILED
SEP 1 ? 2008
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE

2

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 05-10555 |
| | : CHAPTER 13 |
| SUSAN J. PORRECO, DEBTOR | : |
| | : |
| SUSAN J. PORRECO, MOVANT | : DOCUMENT NO. 71 |
| vs. | : OBJECTION TO CLAIM |
| LOUIS J. PORRECO, RESPONDENT | : |

### ORDER

This 22nd day of September, 2008, in accordance with the accompanying Memorandum, it shall be and hereby is, ORDERED that this Court abstains from determining the claims between Susan J. Porreco and Louis J. Porreco and hereby directs that the matter be heard and determined in the appropriate state court.

It is FURTHER ORDERED that the parties shall advise this Court when the state court litigation is concluded and shall update this Court on the status every 60 days.

_____
Warren W. Bentz
United States Bankruptcy Judge



FILED
SEP 1 2 2008
CLERK U.S. BANKRUPTCY COURT
WEST DIST OF PENNSYLVANIA
ERIE OFFICE